UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-80111-ROSENBERG

UNITED STATES OF AMERICA

v.

ERIC SNYDER,
PAUL R. MATERIA,
JOSEPH LUBOWITZ, and
CHRISTOPHER FULLER,

          **Defendants.**
_____/

## JOINT MOTION FOR CONTINUANCE OF STATUS CONFERENCE SCHEDULED FOR SEPTEMBER 26, 2018, AND JOINT STATUS REPORT

The United States of America and the defendants respectfully jointly request that the Status Conference in this matter, currently scheduled for Wednesday, September 26, 2018, at 9 AM, pursuant to the Court's Order [D.E. 95], be continued one month until on or about October 29, 2018, or at some other date that is convenient for the Court.  The parties also include details in this Motion to serve as a Status Report of this case to date.  The reasons for this request for a continuance are as follows:

      1.    The government has provided discovery to defense counsel as outlined in the government's Response to the Standing Discovery Order [D.E. 88], pursuant to the Protective Order in this case, [D.E. 82].  This discovery includes:  scanned materials seized after a search warrant; a large amount of electronically maintained patient files; voluminous amounts of billing data from multiple private health care insurance companies; voluminous amounts of bank records; redacted interview memos for more than 70 individuals; and a massive amount of electronic data and digital evidence maintained on computers and cellular telephones that the government has

made available for inspection.   [See D.E. 88 at 3].

2. Counsel for defendants have each, at varying times, provided the government a hard-drive(s) capable of handling 1 TB of data so that the discovery may be provided in encrypted form as required by the Protective Order, as outlined in the government's response to the Standing Discovery Order.   [D.E. 88 at 5].   The hard-drives produced individually to defense counsel contain over 100 MB of data.   Since they received the hard-drives back from the government, defense counsel have been diligently reviewing the discovery.   Obviously, the discovery is voluminous, and this review will take time.

3. Certain defense counsel did not enter into this case until much later than those for other defendants, such as counsel for LUBOWITZ, who first appeared on August 23, 2018.   [D.E. 100-101].

4. The government will provide additional discovery on a rolling basis, including material that will be encrypted subject to the Protective Order, and expert discovery.[1]   Defense counsel has therefore not yet received all applicable discovery in this case, although the bulk of the discovery has been provided.

5. The government intends to conduct discovery conferences with defense counsel on an individual basis in the next few weeks.

6. Some of the defendants and the government are actively engaged in plea negotiations.   However, defense counsel need additional time to review pertinent portions of the discovery in order to adequately advise their clients regarding any possible plea agreement.

7. None of the parties are ready for trial at this time, and, as noted by the Court, this case is complex; based on this and other factors, and pursuant to the parties' motions, the Court

---

[1] The government has provided defense counsel with its expert's resume under separate cover, and will provide a formal notice of expert testimony later today.

already excluded time from the Speedy Trial Act up to December 31, 2018.  [D.E. 94].  Both parties need additional time to organize and review the discovery in this case.

8. Because of the sheer volume of discovery, the parties are not yet ready to suggest possible deadlines for motions, and a trial date, until defendants have had more time to review the discovery provided by the government.  Similarly, the parties have not yet been able to identify all possible issues that may need to be addressed at a Status Conference by the Court and the parties.  Therefore, in the interests of the respective parties, and for judicial economy, since any Status Conference now would be premature and a possible waste of the Court's time, the parties respectfully request to continue the Status Conference until on or about October 29, 2018.

9. The parties respectfully note that a similar case, with a similar volume of discovery, that has the same number of defendants and was indicted and unsealed at roughly the same time as this case, is currently scheduled for a Status Conference before this Court on October 29, 2018.  [See United States v. Bailynson, et al., Case No. 18-CR-80124-ROSENBERG, at D.E. 121].  Thus, having the Status Conference in this case on that same date will allow equivalent time for the review of discovery in both cases by each respective set of defendants, and may be more convenient for the Court and the government.

10. Both sides will work together to reach stipulations regarding admissible evidence, and will work jointly through discovery issues in this case on an ongoing basis.  While the length of trial will depend on the number of Defendants and other factors, the government anticipates that its case-in-chief will take at least 15-20 trial days, if not more.  Since defendants will likely put on a case as well, this trial may take well over a month to try.

11. This Motion for a Continuance is made in good faith based on the needs of the parties, and is not made for any purposes of undue delay of the trial in this matter.

WHEREFORE the parties jointly request to continue the Status Conference in this case for one month, until October 29, 2018, and further ask that the date for filing a Joint Status Report be continued to a time just before that date, at this Court's preference.

Dated: September 24, 2018                Respectfully submitted,

                                    ARIANA FAJARDO ORSHAN
                                    UNITED STATES ATTORNEY
                                    SOUTHERN DISTRICT OF FLORIDA

By:     /s/ James V. Hayes
       JAMES V. HAYES (FL Bar # A5501717)
       James.Hayes@usdoj.gov
       Trial Attorney
       United States Department of Justice
       Criminal Division, Fraud Section
       1400 New York Avenue, N.W.
       Washington, D.C. 20005
       Telephone: (202) 774-4276

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                      /s/ *James V. Hayes*
                                      James V. Hayes
                                      Trial Attorney-DOJ