UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-ROSENBERG

UNITED STATES OF AMERICA

   v.

ERIC SNYDER,
JOSEPH LUBOWITZ, and
CHRISTOPHER FULLER,
          Defendants.
_____/

**MOTION FOR BILL OF PARTICULARS**

Eric Snyder ("Snyder"), through undersigned counsel, pursuant to Rule 7(f), Federal Rules of Criminal Procedure, files this Motion for a Bill of Particulars and Incorporated Memorandum of Law. Snyder further states the following:

**I**
**INTRODUCTION**

Snyder is charged in a twenty-three count Indictment (D.E. 46) alleging conspiracy to commit health care fraud and wire fraud (Count I), health care fraud (Counts II through XII), Travel Act and aiding and abetting violation of Florida's Patient Brokering Act (Counts XIII through XV), conspiracy to commit money laundering (Count XVI), and money laundering (Counts XVII through XXIII). The Indictment's allegations span nearly a four-year period of time (January 2011 through September 2015) relating to conduct at Palm Beach County substance abuse treatment centers and sober homes, involving thousands of patients pursuing their recovery from substance addiction. Simply stated, the Indictment alleges insurance fraud in a variety of forms as well as ancillary offenses related to the operation of the subject treatment center and sober house. The Government has supplied massive quantities of discovery, including FBI 302 reports of potential Government witnesses. Snyder's application for a Bill of Particulars

is designed to allow Snyder to "identify with sufficient particularity the nature of the charge pending against him, thereby enabling him to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense," United States v. Bortnovsky, 820 F.2d 572, 574 (2nd Cir. 1987).

## II
## PARTICULARS REQUESTED AS TO COUNT I

Paragraph 14 of Count I (D.E. 46 at 16) alleges that: "HWT/RLR billed approximately $58,209,385 to the Insurance plans.  As a result of such false and fraudulent claims, HWT/RLR received insurance payments of approximately $20,190, 941 from said Insurance Plans."  While the amount of the alleged health care fraud or wire fraud conspiracy is not an essential element of Count I, the inclusion of the $58 million and $20 million amounts is nevertheless integral to the Government's assertion that the treatment center and sober home were operated as "profit centers" as opposed to legitimate facilities functioning to assist in the recovery process of persons addicted to various substances. Accordingly, Snyder would request the following particulars:

1. What was the amount of submitted false and fraudulent billing?

2. Of the $20,190,941 received, how much was based on false and fraudulent claims?

3. Identify the false and false claims submitted by patient name, Insurance Plan and date of submission.

4. Identify the amount of billing that was not false and fraudulent.

## III
## PARTICULARS REQUESTED AS TO COUNT II THROUGH XII

Counts II through XII allege substantive health care fraud violations (D.E. 46 at 18-19). While each of those counts identifies the date of claim submission, patient name, amount of

claim, benefit provider and description of the claim, none of the counts allege the basis of the false and fraudulent assertions. Since many of the cited claims involve multiple "CPT" Codes, Snyder lacks any protection against double jeopardy without the particulars concerning the alleged false and fraudulent "CPT" Code as well as identification of that which is false and fraudulent concerning the submitted claim. Therefore, Snyder would request the following Particulars:

1. Identify the false and fraudulent basis for each health care fraud substantive violation alleged in Counts II through XII.

2. Identify which CPT Codes described in Counts II through XII were falsely and fraudulently billed.

## IV
## PARTICULARS REQUESTED AS TO COUNTS XIII THROUGH XV

Snyder is charged with violations of the Travel Act, 18 U.S.C. §1952(a)(3) in Counts XIII through XV, based upon the alleged violation of the Florida Patient Brokering Act, Fla. Stat. §817.505 (D.E. 46 at 19-21). Each of the three counts allege the purchase and use of airline tickets for individual patients. Each of the three counts allege that the patients were not charged rent, a kickback was paid for the referring of each patient and that Insurance Plans were billed for addiction treatment provided to each of the patients. Again, the structure of each of the three Travel Act counts exposes Snyder to subsequent prosecution since it is unclear what "kickback and bribe" Snyder is alleged to have facilitated. Therefore, Snyder would request the following Particulars:

1. Identify as to Counts XIII to XV the "bribes and kickbacks" Snyder is alleged to have facilitated.

## V
## PARTICULARS REQUESTED AS TO COUNT XVI

Count XVI alleges conspiracy to commit money laundering between January 2011 until September 2015 involving each of the four indicted defendants (D.E. 46 at 21).  Count XVI alleges that "a financial transaction", as opposed to multiple financial transactions, was the basis of the money laundering conspiracy. No description is provided of the financial transaction identified by the grand jury nor the health care fraud conduct that constituted the alleged specified unlawful activity providing the alleged money laundering proceeds.  Therefore, Snyder would request the following Particulars:

1. Identify the "financial transaction" described in Count XVI of the Indictment.
2. Identify the "specified unlawful activity" described in count XVI of the Indictment.

## VI
## PARTICULARS AS TO COUNTS XVII THROUGH XXIII

Counts XVII through XXIII allege substantive money laundering violations (D.E. 46 at 22-23).  Each count describes the financial transaction at issue including the approximate date of the transaction.  However, none of the counts allege what specific health care fraud activity is the unlawful specified activity giving a basis for the alleged money laundering.  Therefore, Snyder would request the following Particulars:

1. Identify the health care fraud conduct which is the specified unlawful activity giving the basis for the money laundering allegations in Counts XVII to XXIII.

## VII
## PARTICULARS AS TO ALL COUNTS

The Indictment alleges two conspiracies (Count I and Count XVI).  The Indictment only names co-defendants as co-conspirators, but does identify the existence of unnamed co-conspirators. In order for Snyder to properly prepare his defense concerning the existence and

scope of the conspiracy, the admissibility of out of court statements, see Rule 801 (d)(2)(e), Fed.R.Evid. and to prevent surprise at trial, Snyder requires the names of any unnamed co-conspirators. Therefore, Snyder would request the following Particulars:

1. Identify the names of any unindicted coconspirators.

## VIII
## REQUESTED PARTICULARS RELATING TO RULE 404(b) EVIDENCE

On May 6, 2019 the Government filed the Government's Notice of Rule 404(b) Evidence (D.E. 158). The Government's Notice alleges that Snyder solicited and received kickbacks for referring patients to various treatment centers, concealing the payments by "sham" consulting agreements and then laundering the received monies. The 404(b) Notice further alleges that Snyder engaged in similar activity with codefendant Lubowitz. (D.E. 158 at 2-3). The 404(b) Notice fails to identify the date of any alleged transaction, the patients allegedly involved or the actual financial transactions constituting "kickbacks" or "money laundering". Therefore, Snyder would request the following Particulars:

1. Identify the dates of the alleged Rule 404(b) kickbacks, the patients involved and the kickback and money laundering transactions constituting the Rule 404(b) Notice.

## MEMORANDUM OF LAW

In determining whether to grant an application for the issuance of Bill of Particulars, the Trial Court is entrusted with a broad level of discretion. United States v. Cole, 755 F.2d 748 (11th Cir. 1985). In United States v. Warren, 772 F.2d 827 (11th Cir. 1985), the Eleventh Circuit reviewed the parameters to be applied by the Trial Court in determining whether to order the Government to produce particulars. Essentially, the Trial Court should determine whether the requested particulars provide the defendant with the necessary information required to allow the defendant to prepare his or her defense, minimize surprise at trial, and enable a defendant to

5

plead double jeopardy in the event of a later prosecution for the same offense. Simply stated, the Trial Court's determination is not whether the requested information would be helpful to a defendant, but whether the requested information is necessary.

The Trial Court's consideration should include examination of the totality of information available to a defendant, including the Indictment and pretrial discovery. See United States v. Solomonyan, 452 F.Supp. 2d 334, 349 (S.D.N.Y. 2006). While in Snyder's case the Government has provided a significant volume of discovery, "the Government does not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided." United States v. Bortnovsky, 820 F.2d 572, 575 (2nd Cir. 1987); United States v. Bin Laden, 92 F.Supp. 2d 225, 234 (S.D.N.Y. 2000)("it is no solution to rely solely on the quantity of information disclosed by the Government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars").

Other than the allegations set forth in counts II through XII, Snyder has been left to guess which patient's claims were allegedly fraudulent. Additionally, even with the identified patients, Snyder has been left to guess and speculate what is allegedly false and fraudulent concerning the thousands of claims submitted during the nearly five years in question. Snyder has no ability to respond in a meaningful way to the Rule 404(b) Notice since the Government has failed to provide any detail of the alleged 404(b) events.

Snyder is particularly concerned that the Government is attempting to claim that since certain submitted claims were in error, then all of the submitted claims were in error. And since all of the submitted claims were in error the error must have been intentional or fraudulent. Obviously, the Government cannot sustain a conviction based upon an assumption of an

assumption.  That is what Snyder seeks to prevent by requiring the Government to identify within the requested particulars.

Snyder would reserve the opportunity to present supplemental argument to this Court.

Wherefore, Eric Snyder requests that this Motion for Bill of Particulars be Granted.

Dated:  May 28, 2019                                                  Respectfully Submitted,

/s/BRUCE A. ZIMET, ESQ.
Florida Bar No. 0225053

## CONSULTATION WITH GOVERNMENT

Undersigned has spoken to Department of Justice Attorney Hayes who informed undersigned that the Government will state its position concerning this motion in its written response to the Court.

/s/BRUCE A. ZIMET, ESQ.
Florida Bar No. 0225053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner authorized for those counsel of parties who are not authorized to receive Notices of Electronic Filing.

Respectfully Submitted,

/s/BRUCE A. ZIMET, ESQ.
Florida Bar No. 0225053

**BRUCE A. ZIMET, P.A.**
One Clearlake Centre
250 N. Australian Avenue
Suite 1400
West Palm Beach, FL 33401
Tel:    (561) 508-7741
Tel:    (954) 764-7081
Fax:    (954) 760-4421
Email:
BAZ@BruceAZimetLaw.com