UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-80111-ROSENBERG

UNITED STATES OF AMERICA

   v.

ERIC SNYDER,
JOSEPH LUBOWITZ, and
CHRISTOPHER FULLER,
         Defendants.
_____/

## MOTION TO EXCLUDE "EXPERT" TESTIMONY OF DR. KELLY CLARK

Eric Snyder ("Snyder"), through undersigned counsel, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), Rules 702, 704, and 403, Federal Rules of Evidence, Moves to Exclude "Expert" Testimony of Dr. Kelly Clark. Snyder further requests that this Court conduct a hearing to determine the admissibility of Dr. Clark's testimony.

In Daubert, the Supreme Court defined the gate keeping function of the trial court in determining the admissibility of proposed expert witness testimony.  The Daubert factors and subsequent case law have been incorporated into Rule 702, Fed.R.Evid. providing the trial court with factors to be weighed in determining admissibility of expert witness testimony.  Since the procedure for determining the admissibility of expert witness testimony is governed by Rule 104(a), Fed.R.Evid., the proponent of the testimony bears the burden of establishing the pertinent admissibility requirements.  That burden must be satisfied by a preponderance of evidence, See Bourjaily v. United States, 483 U.S. 171 (1987).  Snyder respectfully submits that the Government has not, and cannot, sustain that burden.

The Government in its various pleadings filed in this case and in communications with Snyder has indicated that Dr. Clark was retained by the Government prior to the June 2018 Indictment.  Dr. Clark has reviewed eleven patient files from the Government, as well as a letter prepared by the prosecutor describing Dr. Clark's findings and opinions.  Snyder is unaware of any other materials reviewed by Dr. Clark.  By separate motion Snyder has requested production of all materials provided to her by the Government, as well as all communications with the Government.  Other than editing the prosecutor's letter concerning her opinions, Snyder does not believe that Dr. Clark has authored a report.

Based upon the Government's September 24, 2018 Notice of Intent to Use Expert Witness (D.E. 110), Dr. Clark had <u>not</u> yet reviewed patient files as of the date of the Government's Notice.  Despite not having reviewed the patient files, the Government represented that "Dr. Clark <u>will</u> be prepared to comment on these patients' files, and on what she notices in these files as being <u>improper</u>. Dr. Clark <u>will</u> explain to the jury how HWT/RLR used UA testing as a <u>profit center</u>, billing for expensive UA tests that were <u>not justified or medically necessary</u>. Dr. Clark will also talk about trends in the billing date for HWT/RLR, and <u>possible indicia of fraud</u>" (D.E. 110 at 2).  (Emphasis Added).

The Government further represented in its Notice that what constitutes "proper substance abuse treatment" is integral to the fraud alleged in the Indictment. The Government further claimed that Dr. Kelly will provide an outline of "how substance abuse treatment is "<u>supposed to work</u>" as well as "indications of <u>possible fraud</u> in the documentation and billing she review." Subsequently, in an October 28, 2018 letter authored by the prosecutor, and apparently adopted by Dr. Kelly, the Government claimed that Dr. Kelly would testify to "<u>Indicia of Fraud</u> at RLR." In addition to what is labelled as a "General Overview" in which the prosecutor concludes that

2

"RLR/HWT used UA testing as a profit center", the September 28, 2018 letter sets forth five categories as so called "Indicia of Fraud."

Based upon the filings and correspondence submitted by the Government, there is real question whether any of the requirements of Rule 702 have or can be met. Certainly, there is a genuine question whether the Government can sustain its <u>Daubert</u> burden of persuasion concerning any of the gatekeeping elements described in Rule 702 and the Rule's Commentary. There is no basis to accept or admit into evidence testimony concerning "how substance abuse treatment is <u>supposed</u> to work" or what constitutes "<u>proper</u> substance abuse treatment." Even if such subjective thoughts would be admissible, a conclusion which Snyder ardently objects to, there is no reason to conclude that Clark is qualified to offer an admissible expert opinion.

There is no basis to conclude that Dr. Clark arrived at her "opinion" in a manner consistent with the requirements of Rule 702, especially given what information she reviewed and when she examined materials. Additionally, the October 28th prosecutor letter brings into question whether Dr. Clark has independently arrived at opinions based upon the Rule 702 roadmap, or is essentially validating the prosecutor's opinion.

The proffered testimony concerning the so-called "indicia of fraud" and "indications of possible fraud" violate Rule 704(b), Fed.R.Evid. which forbids opinion testimony concerning the ultimate issue in a criminal case. In a health care, wire fraud-based trial, Dr. Clark's conclusion that conduct evidences fraud, attempts exactly what Rule 704(b) defines as improper.

Whatever minimal relevance that any of Dr. Clark's opinions might maintain is substantially outweighed by the danger of unfair prejudice, confusion of the jury, misleading the jury and wasting time. <u>See</u> Rule 403, Fed.R.Evid. Dr. Clark's testimony frames an artificial, improper and prejudicial issue for the jury of whether the treatment center and sober house were

3

"properly run."  Not only is the determination of how to run a treatment center and a sober house a subjective matter, any assertion of fraud based upon not conforming to a subjective opinion is overtly prejudicial. The danger of prejudice is even more pronounced given the absence of statutes and regulations establishing propriety.

Wherefore, Eric Snyder requests that this court conduct a <u>Daubert</u> hearing and following said hearing Grant this Motion Excluding the "Expert" Testimony of Dr. Kelly Clark

Dated:  May 28, 2019                                          Respectfully Submitted,

/s/BRUCE A. ZIMET, ESQ.<br>Florida Bar No. 0225053

## CONSULTATION WITH GOVERNMENT

Undersigned has spoken to Department of Justice Attorney Hayes who informed undersigned that the Government will state its position concerning this motion in its written response to the Court.

/s/BRUCE A. ZIMET, ESQ.
Florida Bar No. 0225053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 28, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner authorized for those counsel of parties who are not authorized to receive Notices of Electronic Filing.

Respectfully Submitted,

/s/BRUCE A. ZIMET, ESQ.
Florida Bar No. 0225053

**BRUCE A. ZIMET, P.A.**
One Clearlake Centre
250 N. Australian Avenue
Suite 1400
West Palm Beach, FL 33401
Tel:    (561) 508-7741
Tel:    (954) 764-7081
Fax:    (954) 760-4421
Email:
BAZ@BruceAZimetLaw.com