UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-80111-ROSENBERG

UNITED STATES OF AMERICA

   v.

ERIC SNYDER,
JOSEPH LUBOWITZ, and
CHRISTOPHER FULLER,
         Defendants.
_____/

## MOTION TO DISMISS TRAVEL ACT COUNTS

Eric Snyder ("Snyder"), through undersigned counsel, files this Motion to Dismiss Travel Act Counts from Snyder's Indictment. Snyder, further states the following:

## BACKGROUND

Counts 13 through 15 of the Indictment allege 2013 and 2014 violations of the Travel Act. 18 U.S.C. §1952(a)(3) (D.E. 46 at 19 – 20). The three Travel Act counts are based upon alleged violations of Fla. Stat. 817.505, commonly known as the Florida Patient Brokering Act. At the time of the alleged Travel Act violations (2013-2014) there was not a federal patient brokering statute relating to nonfederal insurance programs. In 2018 Congress corrected the void when it passed 18 U.S.C. §202 relating to "illegal remunerations for referrals to recovery homes, clinical treatment facilities, and laboratories." In Snyder's case, the Government is attempting to manufacture crimes through the Travel Act, which at the time of the alleged offense did not exist. Despite its attempted creativity, the Government's attempt to create a federal offense where one did not exist, fails, requiring dismissal of the three Travel Act counts. Snyder will set forth each of the grounds that support this application for dismissal.

## **THE TRAVEL ACT COUNTS FAIL TO STATE AN OFFENSE**

The Travel Act prohibits the use of interstate facilities to promote or carry on certain unlawful activities. 18 U.S.C. §1952(a). The Travel Act defines "unlawful activities" as "extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States." 18 U.S.C. §1952(b).  In each of the three Travel Act counts, the Snyder Indictment alleges that the state offense constituting the "unlawful activity" within the scope of the Travel Act was the payment of a "kickback."  While a "kickback" is one of the potential violations identified in the Florida Patient Brokering Act, it is <u>not</u> one of the defined "unlawful activities" articulated in 18 U.S.C. §1952(b).  Simply stated, there is no Travel Act crime where the "unlawful activity" is a "kickback."  Since the identification of the "unlawful activity" is an essential element of a Travel Act violation, the failure to allege a defined "unlawful activity" (extortion, bribery or arson) in a count of the Indictment requires dismissal of that count.  <u>See</u>, Fed. R. Crim. P. 12(b)(3)(B)(v); <u>United States v. Fern</u>, 155 F.3d 1318 (11th Cir. 1998).

It should be noted that the Florida Patient Brokering Act does prohibit the payment of "bribes" as contrasted with "kickbacks." <u>See</u>, Fla. Stat. 817.505(1)(a).  However, the Indictment correctly does not allege payment of a "bribe," since no "bribe" was part of the alleged illegal conduct.  Although not at issue in this Motion to Dismiss, there is a factual and legal question whether the alleged unlawful conduct even constituted a "kickback."   If any of the prohibited conduct identified in the Florida Patient Brokering Act would potentially apply to the alleged misconduct identified in Counts 13-15 of the Indictment, it would be the payment of a "benefit." However, the payment of a "benefit" was added to the Florida Patient Brokering Act via a 2017 amendment, a time subsequent to the allegations alleged in Counts 13-15 and would therefore,

2

not be applicable to Snyder pursuant to the ex post facto protection of the United States Constitution.

### THE TRAVEL ACT COUNTS FAIL TO STATE AN OFFENSE SINCE THE FLORIDA PATIENT BROKER ACT CAN NOT LEGALLY APPLY TO SNYDER SINCE THE ALLEGED FLORIDA PATIENT BROKERING VIOLATION WAS NOT PROHIBITED BY 42 U.S.C. §1320A-7b(b)

Snyder's Travel Act charges are dependent upon a Snyders's intent to violate or the violate Florida Patient Brokering Act. However, the Florida Patient Brokering Act specifically provides that the Act "shall not apply to any discount, payment, waiver of payment, or payment practice not prohibited by 42 U.S.C. §1320a-7b(b) or regulations promulgated thereunder." See, Fla. Stat. 817.505(3)(a). Whether the carve out provision identified in Fla.Stat. 817.505(3) applies to Snyder is dependent upon whether violation of the Florida Patient Brokering Act would also be prohibited conduct pursuant to 42 U.S.C. §1320a-7b(b).

42 U.S.C. §1320a-7b(b) provides that "whoever knowingly and willfully solicits or receives any renumeration … shall be guilty … ." (Emphasis Added). Thus, any conduct that is not "knowing and willful" is not a violation of the federal statute. In contrast, the Florida Patient Brokering Act does not include the essential element requirement of "willfulness." See, Fla. Stat. 817.505. Since conduct that is not "willful" is not violative of the federal statute, a violation of the Florida Patient Brokering Act cannot be sustained since "willfulness" is not an essential element of the Florida Act. By definition, it was legally impossible for Snyder to have violated the Florida Patient Brokering Act. See, United States v. Peter, 310 F.3d. 709 (11th Cri. 2002). That legal impossibility to violate the Florida Patient Brokering Act mandates that Snyder could not have violated the Travel Act, since the Travel Act allegation was dependent upon violation of the Florida Patient Brokering Act. Accordingly, Counts 13 – 15 of the Indictment must be dismissed as failing to state a criminal offense. Id.

3

## THE TRAVEL ACT COUNTS FAIL SINCE FLA. STAT. 817.505 IS UNCONSTITIONAL

The Florida Patient Brokering Statute is unconstitutional since the Act improperly delegates State of Florida legislative authority to the federal government. Article II, §3 of the Florida Constitution provides that "the power of the state government shall be divided into the legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." In State v. Mitchell, 652 So.2d. 473, 478 (2nd Cir. 1995), the Second District Court of Appeal held that the "Florida legislature cannot enact a statute which prospectively delegates the authority to the federal government by incorporating future federal statutory or administrative action." The Florida Patient Brokering Act delegates the Florida legislatures legislative authority to the federal government by including Section 817.505 (3)(a): "This section does not apply to: any discount, payment, waiver of payment, or payment practice not prohibited by 42 U.S.C. §1320a-7b(b), or regulations promulgated thereunder."

The Florida Patient Brokering Act fails to specify that Section (3)(a) was limited to federal prohibitions in existence, or the promulgated provisions in existence, at the time of passage of the Florida Act. Likewise, the Florida Act contains no language that restricts application of Section (3)(a) in the event that the federal statute or promulgated regulations were amended, updated or even repealed. Such prospective delegation of legislative authority is violative of the Florida Constitution and results in Fla.Stat. 817.505 being unconstitutional.

Since the three Travel Act allegations set forth in Counts 13 – 15 are based upon an unconstitutional Florida statute, each of the three counts must be dismissed.

## CONCLUSION

Snyder submits that each of the basis to dismiss the three Travel Act counts in the Indictment set forth in this Motion provide an independent basis to dismiss Counts 13 -15 of the Indictment.

## CONSULTATION WITH GOVERNMENT

Undersigned has communicated with DOJ Attorney Hayes, who informed undersigned that the Government will state its position in its response filed with the Court.

Dated: June 21, 2019                                                                 Respectfully Submitted,

/s/BRUCE A. ZIMET, ESQ.
Florida Bar No. 0225053

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner authorized for those counsel of parties who are not authorized to receive Notices of Electronic Filing.

Respectfully Submitted,

/s/BRUCE A. ZIMET, ESQ.
Florida Bar No. 0225053

**BRUCE A. ZIMET, P.A.**
One Clearlake Centre
250 N. Australian Avenue
Suite 1400
West Palm Beach, FL 33401
Tel:   (561) 508-7741
Tel:   (954) 764-7081
Fax:   (954) 760-4421
Email:
BAZ@BruceAZimetLaw.com

5