UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-80111-ROSENBERG

UNITED STATES OF AMERICA

v.

ERIC SNYDER,

       Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon Unopposed Motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture against Defendant Eric Snyder (the "Defendant"). Being fully advised in the premises and based on the United States' Unopposed Motion for Preliminary Order of Forfeiture, the record in this matter, and for good cause shown thereby, the Court finds as follows:

On June 7, 2018, a federal grand jury sitting in the Southern District of Florida returned a multi-count Indictment against defendant Eric Snyder charging him with various offenses including, in Count 1 with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 and in Counts 2-11 with health care fraud in violation of 18 U.S.C. §§ 1347 and 2. *See* Indictment, ECF No. 46.

The Indictment also contained forfeiture allegations, which alleged that upon conviction of any of the violations alleged in Counts 1-11 of the Indictment, charging violations of 18 U.S.C. §§ 1347 and 1349, the Defendant shall forfeit any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense.

On July 23, 2019, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 271; Plea Agreement, ECF No. 272. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 12.    The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count 1 of the Indictment. In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to a forfeiture money judgment in an amount to be determined at sentencing in United States currency, which sum represents the value of the property subject to forfeiture.

Plea Agreement ¶ 12.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 272.

As set forth in the Declaration of Internal Revenue Service ("IRS"), Criminal Investigation ("CI") Special Agent Jo Ann Wright, during the course of the conspiracy, Halfway There Florida, LLC/A Safe Place, LLC and Real Life Recovery Delray, LLC received insurance payments of approximately $20,209,691.06 as a result of the fraudulent/excessive billing. In addition, as set forth in the Declaration of IRS-CI Special Agent Jo Ann Wright, during the period in which the Defendant operated Halfway There Florida, LLC/A Safe Place, LLC and Real Life Recovery Delray, LLC, he received payments either directly or through his company No Limit Management of at least $4,161,919.91. *See* Decl. ¶¶ 12 and 13 accompanying United States' Motion for Entry of a Preliminary Order of Forfeiture.

Based on the record in this case, the total value of the gross proceeds traceable to the Defendant's offense of conviction is $4,161,919.91, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

The United States has also not been able to locate all of the directly forfeitable property. It is the conclusion of IRS-CI Special Agent Jo Ann Wright that other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. *See* Decl. ¶ 16. Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property.

**THEREFORE**, the United States' Unopposed Motion for Preliminary Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(7), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $4,161,919.91 is hereby entered against Defendant Eric Snyder.

2. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, no ancillary proceeding is required as the requested forfeiture consists of only a money judgment.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The United States is further authorized, pursuant to 21 U.S.C. § 853(m) and Rule 32.2(b)(3), to conduct any discovery necessary, including depositions, to identify, locate, or dispose of the property ordered forfeited herein.

5. The Court shall retain jurisdiction in this matter for the purpose of enforcing this

Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 5th day of December, 2019.

                                        HON. ROBIN L. ROSENBERG
                                        UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record